UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN F. CARBONE,

                    Plaintiff,          **MEMORANDUM & ORDER**
                                                                                                         25-CV-4274 (NRM) (VMS)

   -against-

SOCIAL SECURITY ADMINISTRATION (SSA),
NEW YORK STATE OFFICE OF
TEMPORARY AND DISABILITY
ASSISTANCE (OTDA), RICHMOND COUNTY
FAMILY COURT, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN
SERVICES (HHS), U.S. DEPARTMENT OF
STATE,

                    Defendants.
----------------------------------------------------------X

**NINA R. MORRISON,** United States District Judge:

On July 31, 2025, Plaintiff John F. Carbone, domiciled in Hawaii and appearing *pro se*,[1] that is, without an attorney, filed this action seeking relief against Defendants related to child support proceedings in Richmond County Family Court. Compl., ECF No. 1. Plaintiff also filed a separate "emergency motion for expedited injunctive hearing and relief," related to the judgment of child support issued by the Richmond County Family Court. Pl. Mot. for Preliminary Injunction, ECF No. 2. The Court grants Plaintiff's *in forma pauperis* application pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order. IFP App., ECF No. 4. As set forth below,

---

[1] Contrary to Plaintiff's assertion that he "does not appear *pro se* and does not submit to statutory jurisdiction by participation in this action," Compl. at 1, the Court notes that Plaintiff filed this action himself, not by licensed counsel, and despite not submitting to the Court's "statutory jurisdiction," he asserts that the Court has jurisdiction over this matter. *Id.* at 2.

1

Plaintiff's complaint is dismissed with leave to amend and Plaintiff's motion for emergency relief is denied.

## BACKGROUND

Plaintiff's complaint seeks this Court's intervention in the Richmond County Family Court child support action pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.  *See generally*, Compl., at 2.  He challenges the amount of child support he owes and admits to raising these challenges in Family Court without success.  *See id.* at 11–13.  Plaintiff further challenges the garnishment of his social security benefits and the denial of his passport because of his child support arrears.  *See id.* at 11–14.  He seeks damages in excess of $2 million and injunctive relief.  *Id.* at 6–7.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).  But the Court need not accept allegations that are simply "legal conclusions" as true.  *Iqbal*, 556 U.S. at 678.  In addition, a *pro se* complaint is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara*

*v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

When a litigant files a lawsuit *in forma pauperis* — that is, without paying the filing fee — a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (i)–(iii).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds \$75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## DISCUSSION

### A. Domestic Relations

It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013). Thus, a domestic relations exception in federal question cases requires federal courts to abstain from interfering in state cases

3

raising certain family law or domestic relations issues, *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (discussing, *inter alia*, *Barber v. Barber*, 62 U.S. 582 (1859)), and that domestic relations exception doctrine applies in diversity cases and is an exception to subject matter jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Donohue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order) (holding that district court "lacked jurisdiction to invalidate or otherwise review the state court's decision affirming the modification of [plaintiff's] child support payments" (citing, *inter alia*, *Ankenbrandt*, 504 U.S. at 703)).

Here, the claims for which Plaintiff seeks relief, whether the Court views them under federal question or diversity jurisdiction, arise directly from the Family Court child support action, and thus, the Court lacks subject matter jurisdiction over this matter. *See Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019).[2]

B. *Younger* Abstention and *Rooker-Feldman* Doctrines

In any event, to the extent Plaintiff seeks injunctive relief and the child support action is still pending, this Court cannot intervene. *Younger v. Harris*, 401 U.S. 37, 40 (1971) (federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances*); see also Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (stating *Younger* extends to state criminal prosecutions, civil

---

[2] In addition, Plaintiff cannot seek relief under Title 18 of the United States Criminal Code. *See* Compl. at 5–6. "As a general matter . . . crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006). To the extent the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968, allows for a private right of action, Plaintiff fails to state a plausible claim under RICO. Plaintiff also cannot seek relief pursuant to the Federal Rules of Civil Procedure, *see* Compl. at 7, as these Rules apply to *federal* civil actions, not to the state court proceedings at issue here.

4

enforcement proceedings and civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts"); *Masri v. Liebowitz*, No. 24-CV-1284 (LTS), 2024 WL 1639904, at *6 (S.D.N.Y. Apr. 15, 2024) (citing cases) (applying *Younger* to pending state court child-custody, child-support and/or divorce proceedings). Here, Plaintiff's allegations do not rise to the level of the special circumstances necessary to warrant intervention.

If the state court proceeding has ended and Plaintiff seeks to "set aside and adjust final judgment of support," of the state court, as he titles this action, *see* Compl. at 1, this Court also cannot exercise jurisdiction over this matter. The *Rooker-Feldman* doctrine holds that federal courts "lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). A claim is barred under *Rooker-Feldman* when (1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites the federal court to review and reject that judgment, and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, to the extent Plaintiff seeks to challenge the Family Court child support judgment, it is barred by the *Rooker-Feldman* doctrine. *See Lions v. New York State Off. of Child Support Enf't,* No. 24-CV-7181 (GHW), 2025 WL 81421, at *4–5 (S.D.N.Y. Jan. 10, 2025) (citing cases) (applying *Rooker-Feldman* to plaintiff's allegations of garnishment and interception of federal tax refund based on child

5

support arrears). "The fact that Plaintiff is challenging the constitutional adequacy of the proceedings is of no help to him." *Id.* at 4 (quoting *Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487 (KMK), 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017).

C. <u>Constitutional Claims</u>

Plaintiff's complaint alleging constitutional violations pursuant to 42 U.S.C. § 1983 and seeking damages against Defendants cannot proceed for the reasons set forth below.

Plaintiff has not named proper parties to proceed under 42 U.S.C. § 1983. Plaintiff cannot seek damages against the Social Security Administration (SSA), the United States Department of Health and Human Services (HHS) or the United States Department of State (DOS). It is well-settled that the United States and its agencies have sovereign immunity from suit and can only be sued with its consent and under whatever terms Congress may impose. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994); *Ward v. Soc. Sec. Admin.*, No. 23-CV-4034 (NRM) (LB), 2023 WL 4274311 at *1 (E.D.N.Y. June 29, 2023) (dismissing damages claim against SSA based on sovereign immunity); *Cordero v. Sec'y of Health & Human Serv.*, No. 24-CV-9778 (JAV), 2025 WL 369999, at *2 (S.D.N.Y. Jan. 31, 2025) (applying sovereign immunity to HHS); *Calderon v. N.Y.C. Dep't of Homeless Serv.*, No. 24-CV-4631 (VEC), 2024 WL 3429884, at *2–3 (S.D.N.Y. July 16, 2024) (applying sovereign immunity to DOS). Therefore, the complaint seeking damages is dismissed as to the SSA, HHS and DOS pursuant to 28 U.S.C. § 1915(e)(2)(B) (iii).

Similarly, Plaintiff cannot seek damages from the New York State Office of Temporary and Disability Assistance (OTDA) and the Richmond County Family Court. This is because "[a]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011). The Eleventh Amendment bars such a federal court action against a state, its agencies or state agents absent a waiver of immunity or congressional legislation specifically overriding immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984*); State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007). Although Congress has the power to abrogate state sovereign immunity, "Congress has not abrogated sovereign immunity for Section 1983 claims . . . , and New York has not waived it." *Hahn v. New York*, 825 F. App'x 53, 54 (2d Cir. 2020); *see Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *1–2 (2d Cir. Jan. 29, 2024); *Grijalva v. Coward*, No. 24-CV-6365 (NJC) (ST), 2024 WL 5057652, at *3–4 (E.D.N.Y. Dec. 9, 2024) (finding that OTDA and Suffolk County Family Court are immune under Eleventh Amendment); *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (finding that "the New York State Unified Court System is unquestionably an arm of the State and is entitled to Eleventh Amendment sovereign immunity" (internal quotation marks omitted)); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010), *aff'd*, 434 F.App'x 32 (2d Cir. 2011) (applying New York's sovereign immunity to Kings County Family Court). District courts may raise the issue of sovereign immunity "*sua sponte* because it affects . . . subject matter jurisdiction." *Atlantic Healthcare Benefits Tr. v. Googins*,

7

2 F.3d 1, 4 (2d Cir. 1993). Therefore, the complaint seeking damages is dismissed as to OTDA and the Richmond County Family Court.

### D. Plaintiff's Emergency Motion

The Court declines to grant Plaintiff's motion for emergency relief. *See* Pl. Mot. for Preliminary Injunction, ECF No. 2. Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). "[T]he traditional standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction." *Loc. 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1228 (2d Cir. 1992). In the Second Circuit, district courts generally may grant preliminary injunctions and temporary restraining orders when the plaintiff shows "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *County of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)). Because the Court finds that the underlying complaint is not properly before the Court for the reasons set forth above, it is clear that Plaintiff has failed to show a likelihood of success on the merits or sufficiently serious questions going to the merits. He therefore has not made the necessary showing to obtain emergency injunctive relief.

## **CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), for failure to state a claim, and because it seeks money damages against Defendants who are immune from suit. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for emergency relief is also denied.

In light of Plaintiff's *pro se* status and in an abundance of caution, the Court grants Plaintiff until **September 18, 2025** to file an amended complaint that alleges a basis for the Court's subject matter jurisdiction, if he chooses to do so. However, for the reasons explained above, Plaintiff is advised that this Court does not appear to have jurisdiction to intervene in any Family Court matters, nor to modify any child support orders entered by the Family Court.

If Plaintiff chooses to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 25-CV-4274 (NRM) (VMS). In the amended complaint, Plaintiff must provide the date and location for each relevant event and provide a short plain statement of the relevant facts supporting each claim against each individual defendant with personal involvement for the acts or omissions giving rise to his claims.

The amended complaint shall replace, not supplement, the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. If Plaintiff fails to file an amended complaint within the time

9

allowed or fails to show good cause for an extension of time, the Court shall direct the Clerk of Court to enter judgment and close this case. The amended complaint, if filed, shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a General Complaint form to Plaintiff and to note the mailing on the docket.

Plaintiff may seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by City Bar Justice Center by calling (212) 382–4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:   August 18, 2025
         Brooklyn, New York