UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN F. CARBONE,

                 Plaintiff,

    -against-

MARTIN O'MALLEY, Commissioner of
the Social Security Administration (SSA),
MOLLY WASIOLEK, Commission of the
New York State Office of Temporary and
Disability Assistance (OTDA), ROWENA
WIGGINS, Chief Administrative Judge
of the New York State Unified Court
System (Family Court Division),
XAVIER BECERRA, Secretary of Health
and Human Services (HHS), ANTONY
BLINKEN, Secretary of State (DOS),

                 Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-4274 (NRM) (VMS)

NINA R. MORRISON, United States District Judge:

On July 31, 2025, Plaintiff John F. Carbone, domiciled in Hawaii and appearing *pro se*, filed this complaint seeking relief related to child support proceedings in Richmond County Family Court, Compl., ECF No. 1, along with a request to proceed *in forma pauperis* ("IFP"), IFP Mot., ECF No. 4. Plaintiff also filed a separate "emergency motion for expedited injunctive hearing and relief" related to the judgment of child support issued by the Richmond County Family Court. Pl. Mot., ECF No. 2.

By Memorandum and Order dated August 18, 2025, the Court granted Plaintiff's IFP application, dismissed Plaintiff's complaint with leave to amend, and denied Plaintiff's emergency motion. Mem. & Ord., ECF No. 6.

On August 28, 2025, Plaintiff filed an amended complaint against Martin O'Malley, Commissioner of the Social Security Administration; Molly Wasiolek, Commissioner of the New York State Office of Temporary and Disability Assistance; Judge Rowena Wiggins, Chief Administrative Judge of the New York State Unified Court System; Xavier Becerra, Secretary of Health and Human Services; and Antony Blinken, Secretary of State, seeking again "to set aside and adjust final judgment of support" entered by the Family Court. Am. Compl., ECF No. 7. Plaintiff also filed a separate motion for a temporary restraining order ("TRO"). Pl. TRO Mot., ECF No. 9. As set forth below, Plaintiff's amended complaint is dismissed and Plaintiff's TRO motion is denied.

## BACKGROUND

As in the prior pleading, Plaintiff seeks the Court's intervention in the Richmond County Family Court child support action. *See generally*, Compl., ECF No. 1, Am. Compl., ECF No. 7. He challenges the garnishment of his social security disability benefits and the denial of his passport because of his child support arrears. Am. Compl., ECF No. 7 at 5.[1] He seeks $2 million in damages, declaratory and injunctive relief. *Id.* at 36–39.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At the pleading state of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). But the Court need not accept allegations that are simply "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

When a litigant files a lawsuit *in forma pauperis* — that is, without paying the filing fee — a district court shall dismiss the action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (i)-(iii).

Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court

3

*sua sponte.*  If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## DISCUSSION

### A. Domestic Relations

It is well-settled that "the whole subject of the domestic relations of [spouses], parent[s] and child[ren], belongs to the laws of the States, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013).  Thus, the domestic relations abstention doctrine in federal question cases requires federal courts to abstain from interfering in state cases raising certain family law or domestic relations issues.  *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (discussing, *inter alia*, *Barber v. Barber*, 62 U.S. 582 (1859)).  In diversity cases, the domestic relations abstention doctrine applies and is an exception to subject matter jurisdiction.  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Donohue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order) (district court "lacked jurisdiction to invalidate or otherwise review the state court's decision affirming the modification of [plaintiff's] child support payments." (citing, *inter alia*, *Ankenbrandt*, 504 U.S. at 703)).

Here, the claims for which Plaintiff seeks relief — that is, challenging the garnishment of his social security disability benefits and the denial of his passport based on child support arrears — whether under federal question or diversity jurisdiction, and no matter how he attempts to frame them, arise directly from the Family Court child support action, and thus, the Court lacks subject matter

jurisdiction over this matter.  *See Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019).

### B. *Younger* Abstention and *Rooker-Feldman* Doctrines

In any event, to the extent Plaintiff seeks injunctive relief and the child support action is still pending, the Court cannot intervene.  *Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances*); see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (extending *Younger* to state criminal prosecutions, civil enforcement proceedings, and civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts"); *Masri v. Liebowitz*, No. 24-CV-1284 (LTS), 2024 WL 1639904, at *6–7 (S.D.N.Y.  Apr. 15, 2024) (citing cases) (applying *Younger* to pending state court child custody, child support, and divorce proceedings).  Here, Plaintiff's allegations do not rise to the level of the special circumstances necessary to warrant intervention.

If the state court proceeding has ended and Plaintiff seeks to "set aside and adjust final judgment of support," of the state court, as he titles this action, *see* Am. Compl., ECF No. 7 at 1, the Court cannot exercise jurisdiction.  The *Rooker-Feldman* doctrine holds that federal courts "lack jurisdiction over suits that are, in substance, appeals from state-court judgments."  *Hoblock v. Albany Cnty. Bd. of Electors*, 422 F.3d 77, 84 (2d Cir. 2005).  A claim is barred under *Rooker-Feldman* when (1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites the federal court to review and

reject that judgment, and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, to the extent Plaintiff seeks to challenge the Family Court child support judgment, that is barred by the *Rooker-Feldman* doctrine. *See Lions v. New York State Off. of Child Support Enf't,* No. 24-CV-7181 (GHW), 2025 WL 81421, at *4–5 (S.D.N.Y. Jan. 10, 2025) (citing cases) (applying *Rooker-Feldman* to plaintiff's allegations of garnishment and interception of federal tax refund based on child support arrears). "The fact that Plaintiff is challenging the constitutional adequacy of the proceedings is of no help to him," *Id.* at *4 (quoting *Davis v. Westchester Cnty. Fam. Ct.*, No. 16-CV-9487 (KMK), 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017). As previously held, the Court does not have jurisdiction to intervene, alter, or modify the child support orders entered by the Family Court. *See* Mem. & Ord., ECF No. 6.

C. Constitutional Claims

Plaintiff's complaint alleging constitutional violations pursuant to 42 U.S.C. § 1983 and seeking damages against Defendants cannot proceed. As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). Here, Plaintiff fails to make any allegations that Commissioner O'Malley, Commissioner Wasiolek, Chief Administrative Judge Wiggins, Secretary Becerra and Secretary Blinken had any direct involvement with, knowledge of, or responsibility

for the alleged deprivation of Plaintiff's civil rights.  A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law.  *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *see also Johnson v. Barney*, 360 F.App'x 199, 201 (2d Cir. 2010) (summary order).

To the extent Plaintiff names Defendants based on their roles as supervisors, the United States Supreme Court has held that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution."  *Iqbal*, 556 U.S. at 676–77.  Since the claim against these supervisor defendants can be supported only on the basis of the respondeat superior or vicarious liability doctrines, which are not applicable to § 1983 actions, the claims against Defendants O'Malley, Wasiolek, Wiggins, Becerra and Blinken must also be dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[2] In addition, the Court reiterates that Plaintiff cannot seek damages against the Social Security Administration ("SSA"), the United States Department of Health and Human Services ("HHS") or the United States Department of State ("DOS") since the United States and its agencies have sovereign immunity from suit and can only be sued with its consent and under whatever terms Congress may impose.  *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475 (1994); *Ward v. Soc. Sec. Admin.*, No.23-CV-4034 (NRM) (LB), 2023 WL 4274311 *at 1 (E.D.N.Y. June 29, 2023) (dismissing damages claim against SSA based on sovereign immunity); *Cordero v. Sec'y of Health & Hum. Servs.*, No. 25-CV-8778 (JAV), 2025 WL 369999, at *2 (S.D.N.Y. Jan. 31, 2025) (applying sovereign immunity to HHS); *Calderon v. N.Y. Dep't of Homeless Servs.*, No. 24-CV-4631 (VEC), 2024 WL 3429884, at *2–3 (S.D.N.Y. July 16, 2024) (applying sovereign immunity to DOS).  Similarly, Plaintiff's damages claim against the New York State Office of Temporary and Disability Assistance ("OTDA") is barred under the Eleventh Amendment.  *Grijalva v. Coward*, No. 24-CV-6365 (NJC) (ST),

D. <u>Plaintiff's Motion for a Temporary Restraining Order</u>

Plaintiff also seeks a temporary restraining order, directing Defendants to "halt the ongoing . . . garnishment of his Social Security Disability Insurance (SSDI) benefits and to compel the U.S. Department of State to lift the unlawful passport restriction." *See* TRO Mot., ECF No. 9 at 1; *see also* ECF Nos. 10–11.

Because the Court finds that the Amended Complaint is not properly before the Court for the reasons set forth above, Plaintiff is not entitled to a temporary restraining order.

## **CONCLUSION**

Accordingly, the Amended Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), for failure to state a claim, and because it seeks damages against Defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); ECF No. 7. Plaintiff's TRO motion is denied without prejudice. ECF No. 9. Plaintiff's motion to "confirm that Plaintiff's IFP status remains in effect, [d]irect the Clerk of Court to process filings without prepayment of fees; [and] [d]irect the U.S. Marshals Service to effect service of summons and complaint" is also denied without prejudice. ECF No. 8. Plaintiff's motion for leave to proceed *in forma pauperis* is denied as moot. ECF No. 14.

The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

---

2024 WL 5057652, at *3–4 (E.D.N.Y. Dec. 4, 2024) (finding OTDA and Suffolk County Family Court immune under Eleventh Amendment).

Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.


*Nina R. Morrison*
NINA R. MORRISON
United States District Judge


Dated:    October 31, 2025
    Brooklyn, New York